**ORIGINAL**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-434V
Filed: April 28, 2015

**FILED**
APR 28 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| LARRY JOHNSTON, | |
| Parent of E.J., a minor, | |
| | Special Master Hamilton-Fieldman |
| Petitioner, | |
| | |
| v. | Petitioner's Motion for Dismissal |
| | Decision; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH | Narcolepsy. |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

Larry Johnston, *Pro Se*, Bay Village, OH.
Sarah Duncan, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 21, 2014, Larry Johnston ("Petitioner") filed a petition for compensation on behalf of his son, E.J., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that a flu vaccine administered to E.J. on November 6, 2010 caused him to suffer from narcolepsy. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On April 24, 2015, Petitioner filed a Motion for a Decision Dismissing His Petition. According to the motion, "[a]n investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Petitioner further states that he understands that dismissal decision will result in a judgment against him, and that such a judgment will end all of his rights in the Vaccine Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

     To receive compensation under the Vaccine Act, Petitioner must prove either 1) that E.J. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccination, or 2) that E.J. suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that E.J. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

     Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

     Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Lisa D. Hamilton-Fieldman
Special Master